Meyer, J.
(dissenting in part). I would modify to validate the petitions as to the judicial delegates, but affirm as to the county committee candidates whose names and addresses do not appear on the cover sheet as required by subdivision 2 of section 6-134 of the Election Law.
*696 As to the judicial delegates the cover sheet was not defective, for all that subdivision 2 requires is that the cover sheet indicate the office, the name and residence address of each candidate, the total number of pages comprising the petition and the total number of signatures contained in the petition. That was done here.
Pellucidly clear from subdivision 1 of the section is it that a “designating petition may designate candidates for nomination for one or more public offices or for nomination for election to one or more party positions, or both” so long as the petition does not cover positions requiring filing in different election board offices. Clear also from the last sentence of subdivision 2 is it that a petition may consist of several volumes but even then the number of signatures for any given candidate need not be stated on the volume cover sheet.
In reading section 6-134 to require that a number of signatures for each type of candidacy covered by a petition must be set forth on either the petition or a volume cover sheet the majority reads into the statute something which the Legislature never intended and which the wording of the section does not permit.
Judges Jasen, Jones, Wachtler, Simons and Kaye concur; Judge Meyer dissents in part and votes to modify in a memorandum in which Chief Judge Cooke concurs.
Order affirmed, without costs, in a memorandum.